UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ANTHONY L GRIFFIN #57105510           CIVIL ACTION NO. 23-cv-1143

VERSUS                                JUDGE TERRY A. DOUGHTY

U S MARSHAL ET AL                     MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Anthony Griffin ("Plaintiff") was a federal pretrial detainee when he was housed at a Bossier Parish jail. He filed this civil rights action against the U.S. Marshal, the Bossier Parish Sheriff, and various John and Jane Doe defendants. Before the court is the United States' Motion to Dismiss (Doc. 55) that requests dismissal of claims against the United States Marshals Service and unnamed marshals service employees. Plaintiff was granted a generous extension of time to oppose the motion (Doc. 64), but he did not file any response. For the reasons that follow, it is recommended that the motion be granted.

**Relevant Allegations**

Plaintiff was housed at a federal facility in Oklahoma when he was charged with crimes in the Western District of Louisiana. He was transferred to the custody of the U.S. Marshal, pending trial on the Western District charges, and he was housed in the Bossier Medium Security Facility as a federal pretrial detainee.

Plaintiff alleges that he suffers from PTSD, severe depression, and anxiety. He has been prescribed a certain regimen of mental health medication that he has been taking for

the past ten years. Upon arrival in the Bossier jail on June 1, 2023, he was told that he could not have those medications at the facility.

Plaintiff alleged that he was soon taken to federal court in Shreveport for arraignment, where he informed his attorney of the medication situation. She allegedly informed the undersigned magistrate judge, who allegedly directed a deputy marshal to "take care of the situation." Records indicate that Plaintiff appeared in this court on June 2, 2023 for an initial appearance and arraignment. U.S. v. Griffin, 23 CR 0098. Plaintiff complained that the marshal stated that he would call the jail and have them give Plaintiff his medications, but Plaintiff did not receive his medication and was forced to detox. He allegedly suffered stomach cramps, diarrhea, severe depression, and other effects.

Plaintiff alleged that, after a few days of detox, he saw a nurse on June 5 and obtained an order to continue him on his medications and ween him off of them slowly for a week or two. Plaintiff soon filed a grievance and was told that he was being moved the next day. He was then transferred to the Caddo Correctional Center on June 14, 2023. Plaintiff apparently obtained satisfactory medical care after he was transferred.

**Analysis**

Plaintiff filed his complaint on a form designed for the assertion of prisoner civil rights claims under 42 U.S.C. § 1983. His original complaint named as defendants the U.S. Marshal and various Bossier Parish defendants. Plaintiff was ordered to amend his complaint and provide greater detail (Doc. 6), and he responded with an amended complaint. Doc. 8.

Plaintiff was asked to, in his amended complaint, describe the personal involvement of each defendant and the events that formed the basis of his suit. He then faulted "U.S. Marshal Office" for not classifying him to be placed in an institution where he could continue to receive proper mental health medication. He also listed "U.S. Marshal John Doe #1 and John Doe #2" as allegedly being in the courtroom and directed by the court to take care of the situation. Plaintiff alleged that the Does should have moved him that day to the Caddo jail.

Claims under 42 U.S.C. § 1983 are properly asserted against persons who act under color of state law. The statute does not create a cause of action against federal officials such as the U.S. Marshal or deputy marshals. The federal equivalent is a claim under Bivens v. Six Unknown Fed. Narcotics Agents, 91 S.Ct. 1999 (1971), which allows a cause of action for damages against federal agents who violate the Constitution in certain situations.

An individual federal officer is the proper defendant in a Bivens suit, not a federal agency. FDIC v. Meyer, 114 S.Ct. 996 (1994) (Bivens actions do not extend to federal agencies); Govea v. ATF, 207 Fed. Appx. 369, 373 (5th Cir. 2006) ("Bivens actions are unavailable against federal agencies."). A suit against a federal agency like the U.S. Marshals Service is construed as a suit against the United States, and suits against the United States are barred under the doctrine of sovereign immunity unless there is consent. Foreman v. United States Marshal's Service, 2023 WL 3876493, *6 (E.D. La. 2023). Plaintiff has not identified any consent by the federal government to permit suits against it under Bivens for alleged constitutional violations of the type alleged by Plaintiff.

Accordingly, any claim against the U.S. Marshals Service must be dismissed for lack of jurisdiction.

Plaintiff has made several allegations against the "U.S. Marshal," but he never identified the individual who holds that office or asserted that the person had any personal involvement in the relevant facts. (In fact, the office of U.S. Marshal for this district was vacant in 2023.) The court interprets those allegations as being asserted against the agency or the marshal in his official capacity (which is the same as the agency), and Bivens does not permit a claim against a defendant in his official capacity. Hamilton v. DeJoy, 2025 WL 25693 (5th Cir. 2025). Accordingly, the court lacks jurisdiction over the claims asserted against the U.S. Marshals Service or the U.S. Marshal in his official capacity, and no plausible claims against a U.S. Marshal in his individual capacity have been alleged.

Plaintiff made allegations against John Does #1 and #2 that he said were deputy marshals, but he has never identified them so that actual individuals might be served and required to respond to this suit. Plaintiff has attempted to serve discovery to learn the names and job titles of the persons against whom his claims were directed. The discovery requests have been denied based on the pending stay order, but the court gave Plaintiff a road map to how to amend his complaint to dismiss any state-law medical malpractice claims so that the stay would be lifted. Doc. 45. Plaintiff took no responsive action to that order, which issued more than six months ago. Plaintiff also did not limit any of his proposed discovery to the federal defendants, which may have warranted an exemption from the stay.

The use of John Doe to identify a defendant is not favored. The designation is only permitted to conduct discovery to identify unknown defendants, and a claim against a John Doe will be dismissed if reasonable inquiry would have revealed the defendant's true identity. <u>Sealed Appellant v. Sealed Appellee</u>, 2022 WL 3359272, *1 (5th Cir. 2022). Plaintiff has had a reasonable opportunity, over the course of several months, to lift the stay or otherwise pursue discovery that might identify the federal Doe defendants so that they might be personally named and served, but he did not take advantage of it. A <u>Bivens</u> claim, which requires timely service on an individual defendant, should not proceed further against these John Doe defendants under these circumstances.

Accordingly,

It is recommended that the United States' Motion to Dismiss (Doc. 55) be granted and that all claims against the United States Marshal, the United States Marshals Service, U.S. Marshal John Doe 1, and U.S. Marshal John Doe 2 be dismissed.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 24th day of February, 2025.

_____
Mark L. Hornsby
U.S. Magistrate Judge