UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ANTHONY L GRIFFIN #57105-510 | CIVIL ACTION NO. 23-cv-1143 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| U S MARSHAL ET AL | MAGISTRATE JUDGE HORNSBY |

### SUPPLEMENTAL REPORT AND RECOMMENDATION

**Introduction**

The undersigned issued a Report and Recommendation (Doc. 65) and recommended the court grant the U.S. Marshal's unopposed motion to dismiss all claims against the U.S. Marshal, the U.S. Marshal Service, and U.S. Marshal John Doe 1 and U.S. Marshal John Doe 2. Plaintiff filed an objection (Doc. 74) that invoked the Americans With Disabilities Act ("ADA") and complained about his inability to learn the names of the involved deputy marshals.

Judge Doughty issued an order (Doc. 75) that returned the matter to the undersigned to consider (a) whether the ADA allows for Plaintiff to bring suit against the federal defendants recommended to be dismissed, and (b) consider Plaintiff's allegations regarding his inability to identify the two unnamed U.S. Marshals. It is now recommended, for the reasons that follow, that all claims against the U.S. Marshal or the U.S. Marshal Service be dismissed. The claims against the two Doe defendants will be addressed after Plaintiff has an opportunity to conduct discovery and amend his complaint to identify the actual deputy marshals.

**Relevant Allegations**

Plaintiff was housed at a federal facility in Oklahoma when he was charged with crimes in the Western District of Louisiana. He was transferred to the custody of the U.S. Marshal, pending trial on the Western District charges, and he was housed in the Bossier Medium Security Facility as a federal pretrial detainee.

Plaintiff alleges that he suffers from PTSD, severe depression, and anxiety. He has been prescribed a certain regimen of mental health medication that he has been taking for the past ten years. Upon arrival in the Bossier jail on June 1, 2023, he was told that he could not have those medications at the facility.

Plaintiff alleged that he was soon taken to federal court in Shreveport, where he informed his attorney of the medication situation. She allegedly informed the undersigned magistrate judge, who allegedly directed a deputy marshal to "take care of the situation." Records indicate that Plaintiff appeared in this court on June 2, 2023 for an initial appearance and arraignment. U.S. v. Griffin, 23 CR 0098. Plaintiff complained that the deputy marshal stated that he would call the jail and have them give Plaintiff his medications, but Plaintiff did not receive his medication and was forced to detox. He allegedly suffered stomach cramps, diarrhea, severe depression, and other effects.

Plaintiff alleged that, after a few days of detox, he saw a nurse on June 5 and obtained an order to continue him on his medications and ween him off of them slowly for a week or two. Plaintiff soon filed a grievance at the Bossier facility. The next day, he was told that he was being moved. He was then transferred to the Caddo Correctional

Center on June 14, 2023. Plaintiff apparently obtained satisfactory medical care after he was transferred.

**Analysis**

    **A. Identity of the Deputy Marshals**

The first issue that Judge Doughty directed be considered is Plaintiff's allegation regarding his inability to identify the two unnamed U.S. marshals. The undersigned has issued an order (Doc. 76) that lifted the discovery stay to allow Plaintiff to serve an interrogatory on counsel for the U.S. Marshal limited to obtaining the names and service addresses of the two deputy marshals who were allegedly in court with Plaintiff on June 2, 2023.

Plaintiff will be allowed 14 days from receipt of the identity of the John Doe defendants to move for leave to amend his complaint and substitute their actual names. If Plaintiff succeeds in filing such an amendment, the two Doe defendants will be dismissed, and service on the actual deputy marshals will be ordered.

    **B. <u>Bivens</u> Claims Against U.S. Marshal or U.S. Marshals Service**

Plaintiff filed his complaint on a form designed for the assertion of prisoner civil rights claims under 42 U.S.C. § 1983. His original complaint named as defendants the U.S. Marshal and various Bossier Parish defendants. Plaintiff was ordered (Doc. 6) to amend his complaint and provide greater detail, such as a description of the personal involvement of each defendant and the events that formed the basis of his suit.

He responded with an amended complaint (Doc. 8) that, relevant here, faulted the "U.S. Marshal Office" for not classifying him to be placed in an institution where he could

continue to receive proper mental health medication. He also listed "U.S. Marshal John Doe #1 and John Doe #2" as allegedly being in the courtroom and directed by the court to take care of the situation. Plaintiff alleged that the Does should have moved him that day to the Caddo jail.

Claims under 42 U.S.C. § 1983 are properly asserted against persons who act under color of state law. The statute does not create a cause of action against federal officials such as the U.S. Marshal or deputy marshals. The federal equivalent is a claim under Bivens v. Six Unknown Fed. Narcotics Agents, 91 S.Ct. 1999 (1971), which allows a cause of action for damages against federal agents who violate the Constitution in certain situations.

An individual federal officer is the proper defendant in a Bivens suit, not a federal agency. FDIC v. Meyer, 114 S.Ct. 996 (1994) (Bivens actions do not extend to federal agencies); Govea v. ATF, 207 Fed. Appx. 369, 373 (5th Cir. 2006) ("Bivens actions are unavailable against federal agencies."). A suit against a federal agency like the U.S. Marshals Service is construed as a suit against the United States, and suits against the United States are barred under the doctrine of sovereign immunity unless there is consent. Foreman v. United States Marshal's Service, 2023 WL 3876493, *6 (E.D. La. 2023). Plaintiff has not identified any consent by the federal government to permit suits against it under Bivens for alleged constitutional violations of the type alleged by Plaintiff. Accordingly, any claim against the U.S. Marshals Service must be dismissed for lack of jurisdiction.

Plaintiff has made several allegations against the "U.S. Marshal," but he never identified the individual who holds that office or asserted that the person had any personal involvement in the relevant facts. (In fact, the office of U.S. Marshal for this district was vacant in 2023.) The court interprets those allegations as being asserted against the agency or the marshal in his official capacity (which is the same as the agency), and Bivens does not permit a claim against a defendant in his official capacity. Hamilton v. DeJoy, 2025 WL 25693 (5th Cir. 2025). Accordingly, the court lacks jurisdiction over the claims asserted against the U.S. Marshals Service or the U.S. Marshal in his official capacity, and no plausible claims against a U.S. Marshal in his individual capacity have been alleged. Any Bivens claims against the John Doe deputy marshals are not addressed at this time.

**ADA Claims**

Judge Doughty's order also directed the undersigned to consider whether the ADA allows Plaintiff to bring suit against the federal defendants that were recommended to be dismissed. Plaintiff alleged on page 13 of his amended complaint that it was "up to the U.S. Marshal to classify me before leaving BOP federal transfer center in Oklahoma and place me in an institution where I could continue to receive proper mental health medication & treatment which fall under ADA Act." Plaintiff asserted in his objections (Doc. 74) that a claim can be brought against a federal agent such as the U.S. Marshal in his official capacity if the allegations are "covered under the ADA Act" and that Plaintiff did allege "U.S. Marshal office as defendant because under the ADA Act A Government entity is liable if they did not accommodate an ADA participant."

Plaintiff did not invoke any particular provision of the ADA, which is structured in five titles. None are applicable. Title I prohibits a covered entity from discriminating against a qualified individual on the basis of disability in regard to employment. 42 U.S.C. § 12112(a). A covered entity is defined as "an employer, employment agency, labor organization, or joint labor-management committee." § 12111(2). Plaintiff does not allege that the Marshal committed employment discrimination.

Title II requires state and local governments to ensure that people with disabilities have equal access to their programs, services, and activities. Title II applies to public entities, which are defined as any State or local government or any department, or agency of a State or local government. 42 U.S.C. § 12131(1). It does not apply to federal agencies or officials such as the U.S. Marshal. Chamberlain v. Chandler, 344 Fed. Appx. 911, 913 (5th Cir. 2009) ("the district court did not err in dismissing Chamberlain's ADA claims against the defendants on the basis that the ADA is not applicable to the federal government"). Accordingly, a federal prisoner who complained that federal corrections officers transported him in a non-wheelchair-accessible van and housed him in a non-handicap-accessible cell for two weeks had no claim against the federal defendants under Title II of the ADA. Hunt v. Warden, 748 Fed. Appx. 894, 898 (11th Cir. 2018). The individual officers in Hunt were not "public entities," and Title II was not applicable to the federal corrections agency. Accordingly, there is no basis for a Title II claim against any of the name federal defendants.

Title III prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of

any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C.A. § 12182.  The ADA lists twelve categories of "private entities" that are places of public accommodation, including restaurants, theaters, and grocery stores.  42 U.S.C. § 12181(7).  A jail or prison facility does not constitute a place of "public accommodation" governed by Title III.  Spradlin v. Toby, 2024 WL 3881483, *9 (M.D. Ga. 2024); Collazo v. Corr. Corp. of Am., 2011 WL 6012425, *4 (N.D. Ohio 2011).

Title IV relates to telecommunications and is intended to ensure that people with hearing and speech disabilities have access to telephone and television services.[1]  It is inapplicable.

Title V is the Miscellaneous Provisions section. It adopts remedies and administrative requirements from other federal laws, and it prohibits certain acts of retaliation and coercion against those who opposes a "practice made unlawful by this chapter" or make a charge or participate in a hearing regarding an ADA charge of discrimination.  42 U.S.C. § 12203.  Nothing that Plaintiff alleges against the Marshal, a federal official/agency, is unlawful under the other provisions of the ADA, so there can be no claim under this provision either.

---

[1] Title IV of the ADA amends the Communications Act; it is not codified in the United States Code at Title 42 with other ADA provisions. Williams v. Ladera Apartments, 2021 WL 1691613, n.7 (E.D. Tex. 2021).


Plaintiff has no basis to assert a plausible ADA claim against the U.S. Marshal or the U.S. Marshals Service. All ADA claims against those federal defendants should be dismissed.

Accordingly,

It is recommended that the United States' Motion to Dismiss (Doc. 55) be granted in part by dismissing all claims against the United States Marshal and the United States Marshals Service. It is recommended that the motion's request to dismiss claims against the unknown John Doe deputy marshals be denied without prejudice to reasserting any applicable defenses if Plaintiff succeeds in naming the actual deputy marshals as defendants.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of April, 2025.

Mark L. Hornsby
U.S. Magistrate Judge